THE STATE, MASON W. TYLER ET AL., PROSECUTORS, v. THE CITY OF PLAINFIELD AND JOSEPH M. LOW.

The supplement to an act entitled "An act for the construction, maintenance and operation of systems of sewerage in cities, towns and boroughs," approved June 13th, 1890, which supplement was approved April 16th, 1891, is obnoxious to the constitutional provision prohibiting special legislation respecting municipalities.

---

On *certiorari.*

Argued at February Term, 1892, before Justices MAGIE and WERTS.

For the prosecutors, *Richard V. Lindabury.*

For the defendants, *John R. Emery.*

The opinion of the court was delivered by

MAGIE, J.   This writ has brought before us an " Ordinance to provide for sewerage in the city of Plainfield," passed by the common council of that city, over the objections of the mayor, on November 2d, 1891.

This ordinance, among other things, gave the consent of the corporate authorities of the city to Joseph M. Low and six others, his associates, to associate themselves as a body corporate, under the name of the Plainfield Sewerage Company, for the purpose of constructing, maintaining and operating a system of sewerage in said city.

VOL. XXV.                    34

This municipal act is conceded only to be authorized by the terms of the "Act for the construction, maintenance and operation of systems of sewerage in cities, towns and boroughs," approved June 13th, 1890. *Pamph. L., p.* 457.

The first section of that act provides that seven or more persons, a majority being residents of the state, may form a company for carrying out the purposes named in its title in any city, town or borough.

The second section provides for the making of a certificate of incorporation, which it directs to be filed in the office of the secretary of state, "together with the consent in writing of, and the terms and condition or conditions upon which the consent has been granted by the corporate authorities, if any, of the city, town or borough." A proviso to this section declares that such consent shall not be given by the municipal authorities unless a petition has been presented, requesting the granting of such consent, signed by owners of real estate to the number of at least one-half of the persons assessed as owners of real estate in the last preceding municipal assessment for taxes.

The third section declares that upon such certificate, conditions and consent being filed the associates, and their successors, shall be a body politic and corporate, and possess certain specified powers.

It is conceded that no petition of any owners of real estate in Plainfield, requesting the granting of the consent given by the ordinance in question, was ever presented to the common council. If the proviso to the second section of the act above mentioned remains in force, it is obvious that the council had no authority to give the consent.

It is contended on behalf of defendants that the proviso in question is no longer in force in cities of the third class, of which Plainfield is one. This result is attributed to a supplement to the act above mentioned, approved April 16th, 1891. *Pamph. L., p.* 429. The enacting words of this supplement are as follows: "That the second section of the act of which this is amendatory be amended to read as follows: *provided,*

*however*, that the provisions of this supplement shall apply only to cities of the third class in this state." Then follows the second section of the original act *ipsissimis verbis*, omitting only the proviso.

The amendment, obviously intended by this legislation, was the striking out of the proviso to the second section of the original act in respect only to a class of the municipalities affected thereby. This is evident from the proviso which makes the provisions of the amendatory act only applicable to that class, and so, by implication, saves and excepts all others from such application. The only intelligible interpretation of this curious and, I think, unprecedented amendatory legislation, is, that the second section of the original act, with its proviso, is to operate upon all towns, boroughs and cities, except cities of the third class; and that the same section, without the proviso, is to operate on cities of the third class.

Whether the plain design of the legislature has been effectuated by the singular mode in which the legislative will has been expressed, may be open to question.

But a more serious difficulty is presented in respect to the power of the legislature to pass such an act. The class of municipalities upon which it operates is distinguished from others solely by population. Population is, no doubt, a characteristic upon which classification may be based for the purposes of legislation in some cases. When, in respect to the purpose of the legislation, the population of municipalities shows a natural, reasonable, or, at least, a possible distinction, so that the legislation would be germane to some, and not to others, then such legislation, operating only upon a class of municipalities so distinguished, will be general and not special, within the meaning of our constitutional restriction.

The original act, by the second section, made the formation of sewerage companies, under its provisions, dependent upon two conditions—(1) a petition of, at least, one-half of the owners of real estate; and (2) the consent of the municipal authorities in the municipality in which they were to operate. The evident purpose was to enable those directly or indirectly

interested in the disposal of sewerage to have a voice in the creation of the agent by which that purpose could be effected.

The purpose of the supplement is to render the formation of such companies dependent on the sole condition of consent of the municipal authorities in cities of the third class, and to deprive the owners of real estate in such cities of the voice in respect to the creation of the companies, which the owners of real estate, in all other cities, still have.

With respect to the purpose of this legislation, population affords no possible distinction between municipalities. They, and the owners of real estate within them, bear the same relation to the subject-matter, whether they are cities of large or small population.

There is, therefore, no ground for selecting cities of the third class and applying to them a different rule from that applied to other municipalities, as is done by the supplement before us. It is not a general, but a special, act.

For this reason the supplement must be held to be invalid, and the proviso of the second section of the original act to be still in force in Plainfield.

The result is, that the ordinance brought up by this writ must be set aside, with costs.

It may be added, that the consent of the corporate authorities appearing in this case is defective, because given to Low and others not named. *Tyler* v. *Mason, supra.* There was, however, no reason directed at this defect.